**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY ORELLANA, | No. 13-56369 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01944-MMM-CW |
| v. | |
| COUNTY OF LOS ANGELES, local public entity; DEPUTY V. FELIX, individually and in her official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted October 22, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

Cindy Orellana appeals a final judgment, issued after a jury trial, dismissing her claims for, *inter alia*, false arrest in violation of 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not misstate the law in its jury instructions, including the instruction challenged by Orellana which allowed the jury to find that Deputy Felix had probable cause to arrest based on any of five offenses (two controlled substance offenses and three traffic violations). *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013) ("[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.") (quotation and citation omitted). "An officer may arrest an individual without violating the Fourth Amendment if there is probable cause to believe that the offender has committed even a very minor criminal offense in the officer's presence." *Atwater v. City of Lago Vista*, 532 U.S. 318, 322 (2001). Although California law may prohibit arrest for certain traffic "infractions," such violations may nevertheless support probable cause for arrest under the Fourth Amendment: "[W]hile States are free to regulate [warrantless] arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." *Virginia v. Moore*, 553 U.S. 164, 176 (2008); *see also Martinez-Medina v. Holder*,

2

673 F.3d 1029, 1037 (9th Cir. 2011); *Edgerly v. City & Cnty. of San Francisco*,

599 F.3d 946, 956 (9th Cir. 2010).

Orellana's arguments that the factual characteristics of her arrest require a different formulation of the jury instructions regarding probable cause are similarly unavailing. First, Orellana contends that the traffic stop was already complete at the time of her arrest, but she failed to present an unlawful detention claim to the jury and she does not challenge on appeal the district court's decision prohibiting her from doing so, and thus the cases she cites in support of this point are inapposite.[1] Second, Orellana alleges misconduct by Deputy Felix relating to the controlled substances offenses, but even if true this would not necessarily render the arrest impermissible under the Fourth Amendment because "probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for *any* criminal offense, regardless of their stated reason for the arrest."

---

[1] The record does not support Orellana's argument that the on-scene resolution of the traffic offense was clearly over before the arrest occurred. Deputy Felix and Orellana offered conflicting testimony regarding the arrest, but even Orellana's version—that Deputy Felix handed her the traffic citation to sign and then confronted her with evidence relating to the controlled substances offenses—indicates that the situation was highly fluid and does not establish a clear break between the traffic stop and the arrest. Under these circumstances we cannot say that the lower court's instruction that the arrest would be lawful if the officer had probable cause to arrest based on one or more of the traffic violations was incorrect.

*Edgerly*, 599 F.3d at 954 (emphasis added); *see also Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004).

**AFFIRMED.**